# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff <br><br> v. <br><br> SATICOY BAY LLC SERIES, <br><br> Defendant | Case No.: 17-cv-02808-APG-CWH <br><br> **Order Granting in Part Motion to Dismiss and Granting Motion to Amend** <br><br> [ECF Nos. 8, 10] |

Plaintiff Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, formerly known as Countrywide Home Loans Servicing, LP (Bank of America), sues to determine whether a non-judicial foreclosure sale conducted by Sutton Place Homeowners Association (Sutton) extinguished Bank of America's deed of trust. Defendant Saticoy Bay LLC Series (Saticoy) purchased the property at the homeowners association (HOA) foreclosure sale. Saticoy moves to dismiss, arguing (among other things) that it is a bona fide purchaser for value and Bank of America has not alleged any defects that would warrant setting aside the sale. I grant the motion in part.

# I. BACKGROUND

This is a dispute over property located at 4955 South Jeffreys Avenue, #705 in Las Vegas. ECF No. 1 at 3. In 1984, a deed of trust securing a $36,100 loan was recorded as an encumbrance on the property. *Id.* The deed of trust was assigned to Countrywide Home Loans (and thus to Bank of America as Countrywide's successor by merger) in June 2016. *Id.* at 4.

In February 2014, Sutton recorded a notice of delinquent HOA assessment lien through its agent, Bruce Flammey. *Id.*; ECF No. 1-8. About a month later, Sutton recorded a notice of default and election to sell. ECF No. 1 at 5. A few months after that, Sutton recorded a notice of

sale, setting the sale for July 2, 2014. *Id.*; ECF No. 1-10. The sale took place on that date, and defendant Saticoy purchased the property for $6,100. ECF No. 1-11. Based on various allegations regarding the propriety of the HOA foreclosure sale, Bank of America brought this lawsuit against Saticoy, asserting claims for quiet title and unjust enrichment.

**II. ANALYSIS**

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

Saticoy raises a series of arguments directed at the quiet title claim. Saticoy contends the sale is presumptively valid and the recitals in the deed upon sale are conclusive proof that the HOA properly gave all of the required notices. Saticoy asserts that Bank of America cannot overcome those presumptions because it has not alleged facts supporting its claim that the sale should be equitably set aside. As part of this argument, Saticoy contends: (1) Bank of America has unclean hands and failed to mitigate its damages when it did nothing prior to the sale to protect its interest; (2) Bank of America has an adequate remedy at law for damages against the HOA or its agent; (3) Saticoy is a bona fide purchaser; (4) the HOA did not have to identify the superpriority amount in the notices; and (5) the HOA sale did not violate due process.

Bank of America responds that it has adequately alleged bases to set aside the sale and that Saticoy is not a bona fide purchaser, and it asserts the court must accept these allegations as true at this stage of the proceedings. Bank of America also contends that Saticoy's arguments about unclean hands and failure to mitigate raise fact issues not suitable for resolution on a motion to dismiss.

### A. Unclean Hands

Bank of America's quiet title claim sounds in equity because it seeks to resolve competing claims to interests in property. *See Shadow Wood HOA v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1111 (Nev. 2016) (en banc). "The unclean hands doctrine generally bars a party from receiving equitable relief because of that party's own inequitable conduct." *Las Vegas Fetish & Fantasy Halloween Ball, Inc. v. Ahern Rentals, Inc.*, 182 P.3d 764, 766 (Nev. 2008) (quotation omitted). The inequitable conduct must be connected to the subject matter or transaction at issue in the litigation and "unconscientious, unjust, or marked by the want of good faith." *Id.* (quotation omitted).

To determine whether the unclean hands doctrine applies, I consider two factors: "(1) the egregiousness of the misconduct at issue, and (2) the seriousness of the harm caused by the misconduct." *Id.* at 767. The unclean hands doctrine will bar an equitable remedy "[o]nly when these factors weigh against granting the requested equitable relief." *Id.* I have "broad discretion in applying these factors," but my determination must be supported by "substantial evidence." *Id.*

Saticoy's motion based on unclean hands is premature. Any determination of whether to apply the doctrine must be based on substantial evidence and a weighing of the misconduct against the seriousness of the harm that misconduct caused. I have no evidence before me on

3

these factors at the motion to dismiss stage. I therefore deny Saticoy's motion to dismiss based on unclean hands.

**B. Failure to Mitigate**

A party generally "cannot recover damages for loss that he could have avoided by reasonable efforts." *Sheehan & Sheehan v. Nelson Malley & Co.*, 117 P.3d 219, 226 (Nev. 2005) (quotation omitted). Failure to mitigate damages is an affirmative defense for which Saticoy bears the burden of proof. *Id.*; *see also Clark Cty. Sch. Dist. v. Richardson Const., Inc.*, 168 P.3d 87, 95 & n.20 (Nev. 2007). Saticoy has not presented evidence in support of this affirmative defense. I therefore deny the motion based on failure to mitigate.

**C. Adequate Remedy at Law**

Generally, a party cannot obtain an equitable remedy when it has an adequate remedy at law. *Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users Ass'n*, 646 P.2d 549, 551 (Nev. 1982). However, Nevada Revised Statutes § 40.010, which allows for resolving disputes involving adverse interests in property, "essentially codified" Nevada's historical recognition "that courts retain the power to grant equitable relief from a defective foreclosure sale when appropriate . . . ." *Shadow Wood HOA*, 366 P.3d at 1111-12. Thus, while the availability of other remedies (both before and after the sale) may bear on the equities,[1] a claim to set aside an allegedly defective foreclosure sale is necessarily an equitable one that will impact the various interests in the property and their relative priority. Bank of America seeks not just repayment of its loan, but the right to resort to this particular property as security for repayment. No remedy at law could overturn the foreclosure sale and reinstate Bank of America's lien on the property. *See*

---

[1] "When sitting in equity, . . . courts must consider the entirety of the circumstances that bear upon the equities." *Shadow Wood HOA*, 366 P.3d at 1114.

4

*Bank of Am., N.A. v. Diamond Fin., LLC*, 42 N.E.3d 1151, 1156-57 (Mass. 2015) (concluding a legal remedy was inadequate because "money damages would not restore the plaintiff to its rightful senior position"); *Bank of N.Y. Mellon v. Withers*, 771 S.E.2d 762, 765 (N.C. Ct. App. 2015) ("Due to land's unique nature, damage claims against individuals are an inadequate substitute for a first position lien on real property."). I therefore deny the motion to dismiss on this basis.

### D. Conclusive Recitals

The statutory recitals in the deed upon sale are "conclusive, in the absence of grounds for equitable relief." *Shadow Wood HOA*, 366 P.3d at 1111-12. However, the recitals do not, in and of themselves, entitle Saticoy to dismissal. Rather, Bank of America must plausibly allege a basis for equitable relief despite the recitals. I address whether Bank of America has done so below.

### E. Commercial Reasonableness/Equitable Grounds for Setting Aside the Sale

The commercial reasonableness standard does not apply to HOA foreclosure sales. *Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 642-43 (Nev. 2017). Instead, the question is "whether the sale was affected by some element of fraud, unfairness, or oppression." *Id.* at 646. Bank of America therefore will have "the burden to show that the sale should be set aside in light of [Saticoy's] status as the record title holder . . . and the statutory presumptions that the HOA's foreclosure sale complied with NRS Chapter 116's provisions." *Id.* (internal citations omitted). "[M]ere inadequacy of price is not in itself sufficient to set aside the foreclosure sale, but it should be considered together with any alleged irregularities in the sales process to determine whether the sale was affected by fraud, unfairness,

5

or oppression." *Id.* at 648. The "party challenging the foreclosure sale bears the burden of showing why the sale should be set aside." *Id.* at 647.

In addition to inadequacy of price, Bank of America alleges numerous reasons why the sale should be set aside. One of those reasons is that the HOA refused to accept tender of the superpriority lien. ECF No. 1 at 7-8. As this would support Bank of America's position that the sale should be set aside or alternatively that the deed of trust still encumbers the property, I deny Saticoy's motion to dismiss the quiet title claim. *See Bank of Am., N.A. v. Ferrell St. Tr.*, 416 P.3d 208, 2018 WL 2021560, at *2 (Nev. 2018) (unpublished) ("A valid tender of a mortgage lien invalidates a foreclosure sale on that lien, because the sale purports to extinguish the tenderer's interest in the property.").

Bank of America makes numerous other allegations as to why the sale should be set aside. I will address below only those specific allegations Saticoy challenges in its motion to dismiss as being deficient.

### 1. Content of the notices

Saticoy challenges paragraphs 23, 24, 44, and 45 of the complaint regarding the content of the notices the HOA sent as part of the foreclosure process.[2] These paragraphs allege the HOA notices did not identify whether the HOA was foreclosing on a superpriority lien and, if so, the amount of that lien. ECF No. 1 at 5, 8. I dismiss these allegations because the HOA was not required to identify that it was foreclosing on a superpriority lien or the amount of the superpriority lien. The Supreme Court of Nevada has rejected the argument that the notices must

---

[2] Saticoy also challenges paragraph 37, which alleges the HOA and its agent refused to provide Bank of America or its predecessor in interest with the payoff amount for the superpriority portion of the lien. As that allegation goes to the alleged inequity related to the tender of the superpriority lien, I do not dismiss it.

6

provide the superpriority amount in part because "[t]he notices went to the homeowner and other junior lienholders, not just [the first deed of trust holder], so it was appropriate to state the total amount of the lien." *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc). "The fact that a notice does not identify a superpriority amount is of no consequence because Chapter 116 gives lienholders notice that the HOA may have a superpriority interest that could extinguish their security interests." *Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, No. 2:15-cv-01433-APG-CWH, 2016 WL 1298108, at *7 (D. Nev. Mar. 31, 2016).

Bank of America thus has not plausibly alleged fraud, unfairness, or oppression related to the notices' failure to identify the superpriority amount that would support setting aside the sale. I therefore grant the motion to dismiss the allegations in paragraphs 23, 24, 44, and 45.

### 2. Due process

There is currently a split in state and federal court regarding whether Chapter 116 (as it existed when this sale was conducted) violates due process. *Compare Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), *with Nationstar Mortgage, LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017). The Supreme Court of Nevada is expected to issue a decision on the proper interpretation of Nevada law on which the due process inquiry turns in response to a question certified to it by another judge in this District. *SFR Investments Pool 1, LLC v. Bank of N.Y. Mellon*, Nev. S. Ct. Case No. 72931 (Order Accepting Certified Question, Directing Briefing and Directing Submission of Filing Fee, filed June 13, 2017); *Bank of N.Y. Mellon v. Star Hill Homeowners Ass'n*, 2:16-cv-02561-RFB-PAL, ECF No. 41. I deny the motion to dismiss on this basis, without prejudice for Saticoy to raise it again after the Supreme Court of Nevada has issued a ruling on the certified question.

/ / / /

### F. Bona Fide Purchaser

In making the determination of whether to equitably set aside an HOA foreclosure sale, I must consider "the status and actions of all parties involved, including whether an innocent party may be harmed by granting the desired relief." *Shadow Wood HOA*, 366 P.3d at 1115. This includes a bona fide purchaser who bought the property at the HOA sale "without notice of the prior equity, and without notice of facts which upon diligent inquiry would be indicated and from which notice would be imputed to him, if he failed to make such inquiry." *Id.* (quotation omitted).

Notice of the lender's deed of trust is not sufficient, in and of itself, to deprive a subsequent purchaser of bona fide purchaser status. *Id.* at 1115-16 (rejecting a similar argument, stating the "law does not support [the] contention" that "a purchaser at a foreclosure sale can never be bona fide because there is always the possibility that the former owner will challenge the sale post hoc"). "[W]hen an association's foreclosure sale complies with the statutory foreclosure rules, as evidenced by the recorded notices, . . . and without any facts to indicate the contrary, the purchaser would have only 'notice' that the former owner had the ability to raise an equitably based post-sale challenge, the basis of which is unknown to that purchaser." *Id.* at 1116. The mere fact that a prior owner or a lienholder could seek to equitably set aside the sale "is not enough in itself to demonstrate that [the subsequent purchaser] took the property with notice of any potential future dispute as to title." *Id.* Rather, there must be allegations that the purchaser "had notice before it purchased the property, either actual, constructive, or inquiry," as to the alleged inequity that supports setting aside the sale. *Id.* But even where there is a bona fide purchaser, the sale could be set aside if it is shown "that the equities swayed so far in [the lender's] favor as to support setting aside [the HOA] foreclosure sale." *Id.*

With these principles in mind, Bank of America has plausibly alleged one basis for setting aside the sale even if Saticoy was a bona fide purchaser. As discussed above, valid tender extinguishes the lien, so accepting this allegation as true, the HOA sale cannot extinguish the deed of trust.

However, Bank of America has not plausibly alleged Saticoy had actual, constructive, or inquiry notice of other unfairness that would support setting aside the sale. Instead, Bank of America relies on allegations that the deed of trust was recorded and Saticoy knew it could not obtain insurable title to the property. ECF No. 1 at 13. That is insufficient because the mere possibility that the deed of trust holder will sue does not deprive purchasers like Saticoy of bona fide purchaser status. So, I grant the motion to dismiss the allegations that Saticoy is not a bona fide purchaser. However, I grant Bank of America leave to amend to add facts (if they exist) to support its claim that Saticoy is not a bona fide purchaser (for some reason other than simply that the deed of trust was recorded and Saticoy was unable to obtain insurable title).

### G. Motion to Amend

As set forth above, I grant Bank of America's motion for leave to amend to correct the deficiencies identified in this order if facts exist to do so.

## III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Saticoy Bay LLC Series' motion to dismiss **(ECF No. 8) is GRANTED in part** as set forth in this order.

IT IS FURTHER ORDERED that Bank of America's motion to amend **(ECF No. 10) is GRANTED**. Bank of America may file an amended complaint correcting the deficiencies identified in this order on or before July 26, 2018.

DATED this 5th day of July, 2018.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE